UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Jerrold Daugherty, *on behalf of himself and others similarly situated*, | ) Case No: |
| | ) |
| | ) CLASS ACTION COMPLAINT |
| Plaintiff, | ) |
| | ) JURY TRIAL DEMANDED |
| v. | ) |
| | ) |
| Credit Bureau Services Association, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**Nature of this Action**

1. Jerrold Daugherty ("Plaintiff") brings this class action against Credit Bureau Services Association ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls placed to telephone numbers assigned to a cellular telephone service, without prior express consent.

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5) and 28 U.S.C. § 1331.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

5. In particular, the subject prerecorded voice messages were directed to Plaintiff's cellular telephone in this district, and Plaintiff received the subject prerecorded voice messages in

1

this district.

## Parties

6. Plaintiff is a natural person who at all relevant times resided in Grapeland, Texas

7. Defendant is an entity located in Stillwater, Oklahoma.

## Factual Allegations

8. Plaintiff is, and has been since at least 2018, the regular and sole user of his cellular telephone number—(254) 383-XXXX.

9. On or around April 6, 2021, May 25, 2021, July 8, 2021, and July 26, 2021, Defendant delivered identical prerecorded voice messages to telephone number (254) 383-XXXX.

10. The prerecorded voice messages each state:

We have an important message from CBSA collections. This is a call from a debt collector. Please return the call at your earliest convenience at (800) 333-1693. Thank you.

11. When dialed, telephone number (800) 333-1693 connects to Defendant.

12. Plaintiff received and listened to each of the four prerecorded voice messages Defendant delivered to telephone number (254) 383-XXXX.

13. The speech pattern of each of the four voice messages Defendant delivered to telephone number (254) 383-XXXX is consistent with the use of a prerecorded voice.

14. Plaintiff does not, nor did, have any business relationship with Defendant.

15. Plaintiff does not, nor did, owe a debt Defendant sought to collect.

16. Plaintiff did not provide telephone number (254) 383-XXXX to Defendant.

17. Defendant did not obtain telephone number (254) 383-XXXX from Plaintiff.

18. Plaintiff did not give Defendant prior express consent to place calls, in connection with which an artificial or prerecorded voice was used, to telephone number (254) 383-XXXX.

19. Defendant did not obtain from Plaintiff prior express consent to place calls, in connection with which an artificial or prerecorded voice was used, to telephone number (254) 383-XXXX.

20. Each of the four prerecorded voice messages Defendant delivered to telephone number (254) 383-XXXX were intended for someone other than Plaintiff.

21. Defendant placed the subject calls to telephone number (254) 383-XXXX voluntarily.

22. Defendant placed the subject calls to telephone number (254) 383-XXXX under its own free will.

23. Defendant had knowledge it was using an artificial or prerecorded voice in connection with the subject calls to telephone number (254) 383-XXXX.

24. Plaintiff suffered actual harm as a result of the prerecorded voice messages at issue in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

**Class Action Allegations**

25. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom Credit Bureau Services Association placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person with an account in collections with Credit Bureau Services Association, (3) in connection with which Credit Bureau Services Association used an artificial or prerecorded voice, (4) from four years preceding the date of this class action complaint through the date of class certification.

26. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

27. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

28. The exact number of members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

29. The class is ascertainable because it is defined by reference to objective criteria.

30. In addition, the members of the class are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

31. Plaintiff's claims are typical of the claims of the members of the class.

32. As it did for all members of the class, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

33. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

34. Plaintiff's claims are based on the same theories as are the claims of the members of the class.

35. Plaintiff suffered the same injuries as the members of the class.

36. Plaintiff will fairly and adequately protect the interests of the members of the class.

37. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

38. Plaintiff will vigorously pursue the claims of the members of the class.

39. Plaintiff has retained counsel experienced and competent in class action litigation.

40. Plaintiff's counsel will vigorously pursue this matter.

41. Plaintiff's counsel will assert, protect, and otherwise represent the members of the

class.

42. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

43. Issues of law and fact common to all members of the class are:

   a. Defendant's conduct, pattern, and practice as it pertains to placing calls in connection with which it uses an artificial or prerecorded voice; and

   b. The availability of statutory penalties.

44. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

45. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

46. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

47. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

48. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

49. The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

50. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

51. There will be no extraordinary difficulty in the management of this action as a class action.

52. Defendant acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

53. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-53.

54. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class, without consent.

55. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the class, in connection with which it uses an artificial or prerecorded voice;

f) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: May 10, 2023

*/s/ Aaron D. Radbil*
Aaron D. Radbil
Greenwald Davidson Radbil PLLC
5550 Glades Road
Boca Raton, Florida 33431
(561) 826-5477
aradbil@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*