United States District Court
Southern District of Texas
**ENTERED**
June 06, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Jerrold Daugherty, *on behalf of himself and others similarly situated,* | ) ) ) | Case No: 4:23-cv-01728 |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| Credit Bureau Services Association, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER AND JUDGMENT FINALLY APPROVING CLASS ACTION SETTLEMENT

On May 10, 2023, Jerrold Daugherty ("Plaintiff") filed a class action complaint (the "Lawsuit") against Credit Bureau Services Association ("Defendant") in the United States District Court for the Southern District of Texas, Case No. 4:23-cv-01728, asserting class claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. ECF No. 1.

On or around September 24, 2024, after extensive arm's-length negotiations, Plaintiff and Defendant (the "Parties") entered into a written class action settlement agreement (the "Agreement"), ECF No. 22-1, which is subject to review under Fed. R. Civ. P. 23.

On September 30, 2024 the Parties filed the Agreement, along with Plaintiff's unopposed motion for preliminary approval of class action settlement (the "Preliminary Approval Motion"). ECF No. 22.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, Defendant served written notice of the proposed class settlement as directed.

On February 11, 2024, upon consideration of Plaintiff's Preliminary Approval Motion and the record, this Court entered an order preliminarily approving the class action settlement ("Order

Preliminarily Approving the Settlement"). Pursuant to the Order Preliminarily Approving the Settlement, this Court, among other things, (i) preliminarily approved the proposed settlement and (ii) set the date and time of the final fairness hearing. ECF No. 27 at 17.

On March 24, 2025, Plaintiff filed his motion for attorneys' fees, costs, expenses, and an incentive award. ECF No. 28.

On May 7, 2025, Plaintiff filed his motion for final approval of class action settlement (the "Final Approval Motion"). ECF No. 29.

On June 6, 2025, a final fairness hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the claims asserted in the Lawsuit satisfy the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members and should be approved by this Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

This Court has read and considered the Agreement, Final Approval Motion, and the record of these proceedings.

NOW, THEREFORE, IT IS HEREBY ORDERED:

The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties.

Pursuant to Fed. R. Civ. P. 23(b)(3), and for the reasons this Court included in the Order Preliminarily Approving the Settlement, the Lawsuit is finally certified, for settlement purposes, as a class action on behalf of the following settlement class members with respect to the claims asserted in the Lawsuit:

All persons throughout the United States to whose cellular telephone number Credit Bureau Services Association placed an artificial or prerecorded voice call from December 2, 2019 through February 11, 2025.

Pursuant to Fed. R. Civ. P. 23, this Court finally certifies Plaintiff as the class representative, and Aaron D. Radbil of Greenwald Davidson Radbil PLLC as class counsel.

Pursuant to this Court's Order Preliminarily Approving the Settlement, the approved class action notices were mailed. The form and method for notifying the settlement class members of the settlement and its terms and conditions was in conformity with this Court's Order Preliminarily Approving the Settlement and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. This Court finds that the notice was clearly designed to advise settlement class members of their rights.

This Court again finds, for the reasons this Court included in the Order Preliminarily Approving the Settlement, that the settlement class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A. The settlement class members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B. There are questions of law and fact common to the settlement class members, which predominate over any individual questions;

C. Plaintiff's claims are typical of the claims of the settlement class members;

D. Plaintiff, Mr. Radbil, and Greenwald Davidson Radbil PLLC ("GDR") have fairly and adequately represented and protected the interests of all settlement class members;

E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and

>    F.     A class action is superior to other available methods for a fair and efficient adjudication of this controversy.

This Court finds that that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members, when considering, in their totality, the following factors:

>    A.     The lack of fraud or collusion behind the settlement:

The parties represent they agreed to settle this matter only after months of active negotiation, and over a year of contested litigation. The settlement, therefore, is not the product of collusion, but rather the ultimate result of arms'-length negotiations;

>    B.     The complexity, expense, and likely duration of the litigation:

There exists "an overriding public interest in favor of settlement, particularly in class actions that have the well-deserved reputation as being most complex." *Assoc. for Disabled Am., Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 466 (S.D. Fla. 2002). Indeed, "there is a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable and settlement conserves judicial resources." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003).

Here, absent settlement, the parties would have had to continue with discovery, including what they state to be multiple depositions; brief both class certification and merit-related issues; and try any issues not resolved on summary judgment. The parties represent they believe appeals would almost certainly have followed.

The settlement, however, provides immediate relief, and avoids the uncertainty of additional, expensive, and protracted litigation. *See Jenkins v. Trustmark Nat'l Bank*, 300 F.R.D. 291, 303 (S.D. Miss. 2014) ("Although this Action was actively litigated for over two years,

recovery by any means other than settlement would require additional years of litigation."); *Henderson v. Eaton*, No. CIV.A. 01-0138, 2002 WL 31415728, at *3 (E.D. La. Oct. 25, 2002) (following discovery, "several fundamental issues in the case remained in dispute: . . . . Resolving these questions through a trial and, ostensibly, an appeal, would likely be burdensome and costly.");

    C.    The stage of the proceedings and the amount of discovery completed:

Plaintiff filed his class action against Defendant on May 10, 2023. *See* ECF No. 1. The parties then engaged in nearly a year of active discovery, during which Defendant produced thousands of pages of relevant material. As well, Plaintiff represents that he engaged two separate experts to assist with data analysis and potential notice to class members should this Court have certified a class over Defendant's objection.

All of this, together, ensured that "counsel had an adequate appreciation of the merits of the case before negotiating." *Jenkins*, 303 F.R.D. at 303-304. The parties then consummated the settlement having a clear view towards the strengths and weaknesses of their respective positions. *See Mashburn v. Nat'l Healthcare, Inc.*, 684 F. Supp. 660, 669 (M.D. Ala. 1988) ("That is, Class Counsel developed ample information and performed extensive analyses from which to determine the probability of their success on the merits, the possible range of recovery, and the likely expense and duration of the litigation.");

    D.    The probability of Plaintiff's success on the merits, and the range of possible recovery:

Courts are to consider "the likelihood and extent of any recovery from the defendants absent settlement." *Jenkins*, 300 F.R.D. at 304. And "[t]he settlement terms should be compared with the likely rewards the class would have received following a successful trial of the case." *In*

*re Pool Prods. Distribution Market Antitrust Litig.*, MDL No. 2328, 2015 WL 4875464, at *13 (E.D. La. Aug. 13, 2015) (preliminarily approving class action settlement).

Here, Plaintiff faced a number of significant merit-based hurdles. For example, Defendant contended that it could reasonably rely on consent it suggested it had to place certain of the artificial or prerecorded voice calls at issue in order to avoid liability under the TCPA. Defendant also stated that it maintained robust safeguards to ensure compliance with the TCPA. As well, Defendant stated that it would vigorously oppose certification of Plaintiff's then-proposed class.

Additionally, the parties represent that Defendant is a very small debt collector that employs less than a handful of collectors, and its only applicable insurance policy, which is eroding, limits TCPA class action liability coverage to $1,000,000. So after a year-and-a-half of contested litigation, the parties represent that the $850,000 settlement fund almost certainly amounts to something very close to a real-world maximum recovery for settlement class members.

And notwithstanding, the settlement exceeds on a per-claimant recovery basis other recently approved TCPA class action settlements. Indeed, after deducting the cost of notice to potential settlement class members and claims administration, litigation costs and expenses, reasonable attorneys' fees, and an incentive award to Plaintiff, participating settlement class members who submitted approved claims will receive approximately $226 each. This far surpasses comparable figures in other approved TCPA class settlements. *See, e.g., Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 228 (N.D. Ill. 2016) ($52.50 per claimant); *Hashw v. Dep't Stores Nat'l Bank*, 182 F. Supp. 3d 935, 947 (D. Minn. 2016) ($33.20 per claimant); *Wright v. Nationstar Mortg. LLC*, No. 14-10457, 2016 WL 4505169, at *8 (N.D. Ill. Aug. 29, 2016) (approximately $45 per claimant); *In re Capital One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781, 789 (N.D. Ill. 2015) (finding that $34.60 per person falls "within the range of recoveries" in a TCPA class

action); *Rose v. Bank of Am. Corp.*, Nos. 11-2390, 12-4009, 2014 WL 4273358, at *10 (N.D. Cal. Aug. 29, 2014) (claimants received between $20 and $40 each); *Steinfeld v. Discover Fin. Servs.*, No. 12-1118, 2014 WL 1309352, at *7 (N.D. Cal. Mar. 31, 2014) (approving a settlement that ultimately distributed less than $50 per claimant, *see* ECF No. 101).

Additionally significant, the court in *Markos v. Wells Fargo Bank, N.A.* characterized a $24 per-claimant recovery in a TCPA class action as "an excellent result when compared to the issues Plaintiffs would face if they had to litigate the matter." No. 15-1156, 2017 WL 416425, at *4 (N.D. Ga. Jan. 30, 2017).

What's more, the settlement provides class members with real monetary relief, despite the purely statutory damages at issue—damages that courts have deemed too small to incentivize individual actions. *See, e.g., Palm Beach Golf Ctr.-Boca, Inc. v. Sarris*, 311 F.R.D. 688, 699 (S.D. Fla. 2015) (noting that the small potential recovery in individual TCPA actions reduced the likelihood that class members will bring suit); *St. Louis Heart Cntr., Inc. v. Vein Cntrs. for Excellence, Inc.*, No. 12-174, 2013 WL 6498245, at *11 (E.D. Mo. Dec. 11, 2013) (explaining that because the statutory damages available to each individual class member are small, it is unlikely that the class members have interest in individually controlling the prosecution of separate actions). Therefore, because of the settlement, settlement class members will receive money they otherwise would have likely never pursued on their own.

In the end, the settlement constitutes an objectively favorable result for settlement class members, and outweighs the mere possibility of future relief after protracted and expensive litigation. *Accord Jenkins*, 300 F.R.D. at 303 ("Although this Action was actively litigated for over two years, recovery by any means other than settlement would require additional years of litigation.");

E.  The opinions of Aaron D. Radbil and GDR:

"The Fifth Circuit has repeatedly stated that the opinion of class counsel should be accorded great weight" when "evaluating a proposed settlement." *Klein v. O'Neal, Inc.*, 705 F. Supp. 2d 632, 649 (N.D. Tex. 2010); *see also Henderson*, 2002 WL 31415728, at *4 ("Finally, the Court finds that the opinions of class counsel, class representatives, and absent class members weigh in favor of settlement. Counsel for both plaintiff and defendant concur that the settlement is fair."); *accord Mashburn*, 684 F. Supp. at 669 ("If plaintiffs' counsel did not believe these factors all pointed substantially in favor of this settlement as presently structured, this Court is certain that they would not have signed their names to the settlement agreement.").

Here, class counsel—Mr. Radbil and GDR—are highly experienced in class action litigation, particularly in cases under the TCPA. And Mr. Radbil and GDR state that they firmly believe that the settlement is fair, reasonable, adequate, and in the best interests of class members.

The Court has also considered the following factors in finding that the settlement of this action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members:

(A)  the class representatives and class counsel have adequately represented the class;

(B)  the settlement was negotiated at arm's length;

(C)  the relief provided for the class is adequate, taking into account:

  (i)  the costs, risks, and delay of trial and appeal;

  (ii)  the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv) any agreement required to be identified under Rule 23(e)(3); and

 (D) the settlement treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The Agreement, which is deemed incorporated into this order, is finally approved and must be consummated in accordance with its terms and provisions, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

 A. <u>Settlement Fund</u> - Defendant established an $850,000 non-reversionary fund (the "Settlement Fund").

 B. <u>Deductions</u> - The following are to be deducted from the Settlement Fund before any other distributions are made:

   a. The costs for the administration of the settlement and class notice;

   b. GDR's attorneys' fees, in the amount of $283,333.33, and the reimbursement of GDR's litigation costs and expenses in the amount of $9,857.81; and

   c. The incentive payment to Plaintiff, who will receive $7,500 from the Settlement Fund as acknowledgment of his role in prosecuting claims on behalf of the settlement class members.

 C. <u>Settlement Payments to Class Members</u> - Each settlement class member who has submitted a valid and timely claim form will receive compensation as set forth in the Agreement. Each settlement check will be void one-hundred twenty days after issuance.

The settlement class members were given an opportunity to object to the settlement. No settlement class member objected to the settlement or the requests for attorneys' fees, costs, expenses, or an incentive award. No settlement class member made a valid and timely request for exclusion.

This order is binding on all settlement class members.

Plaintiff, settlement class members, and their successors and assigns are permanently barred from pursuing, either individually or as a class, or in any other capacity, any of the released claims against the released party, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the released claims are compromised, settled, released, and discharged, by virtue of these proceedings and this order.

This final order and judgment bars and permanently enjoins Plaintiff and all members of the settlement class from (a) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit, arbitration or individual or class action proceeding in any jurisdiction (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), asserting the released claims, and (b) attempting to effect opt-outs of a class of individuals in any lawsuit or arbitration proceeding based on the released claims, except that settlement class members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Lawsuit or class action settlement.

The Lawsuit is hereby dismissed with prejudice in all respects.

This order, the Agreement, and any and all negotiations, statements, documents, and proceedings in connection with this settlement are not, and will not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

This Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, including the award of attorneys' fees, costs, disbursements, and expenses to class counsel.

For the reasons set forth in Plaintiff's unopposed motion for attorneys' fees, costs, expenses, and an incentive award, ECF No. 28, class counsel's request for an award of attorneys' fees of $283,333.33 of the settlement fund, is approved.

Class counsel's request for reimbursement of reasonable litigation costs and expenses in the total amount of $9,857.81 is approved. *See id.*

Plaintiff's request for an incentive award of $7,500 is approved. *See id.*

IT IS SO ORDERED.

Dated: June 6, 2025

Kenneth M. Hoyt
United States District Judge